UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ALWIN CARPENTER,

      Plaintiff,

v.

ALESSI & KOENIG, LLC,

      Defendant.

2:11-cv-01495-PMP-GWF

ORDER

      Presently before the Court is Plaintiff Alwin Carpenter's Motion for Partial Summary Judgment (Doc. #53), filed on February 20, 2013. Defendant Alessi & Koenig, LLC filed an Opposition (Doc. #57) on March 13, 2013. Plaintiff filed a Reply (Doc. #58) on April 1, 2013.

      Also before the Court is Defendant's Motion for Summary Judgment (Doc. #54), filed on February 21, 2013. Plaintiff filed an Opposition (Doc. #56) on March 13, 2013. Defendant filed a Reply (Doc. #59) on April 1, 2013.

## I. BACKGROUND

      Plaintiff Alwin Carpenter owns property in Henderson, Nevada. (Pl.'s Mot. Summ. J. (Doc. #53), Ex. 1 at 7, Ex. 4 at 31.) Plaintiff's property is subject to the covenants, restrictions, and reservations ("CC&Rs") of the Crystal Glen Landscape Maintenance Association, Inc. (the "Association"). (Id., Ex. 1 at 7-9, Ex. 4 at 32.) Pursuant to the CC&Rs, property owners must pay semi-annual assessments, as well as "interest, costs, and reasonable attorneys' fees for the collection thereof," and any such unpaid amounts "shall be a continuing lien" upon the property until paid. (Id., Ex. 2 at 26.)

1      The Association hired Defendant Alessi & Koenig, LLC to collect unpaid
2 assessments from Plaintiff and enforce the Association's lien against Plaintiff's property.
3 (Id., Ex. 1 at 8-9; Def.'s Mot. Summ. J. (Doc. #54), Aff. of Thomas Bayard at ¶ 5.)
4 Defendant is a law firm which engages in the collection of unpaid homeowner assessments
5 as part of its business.  (Pl.'s Mot. Summ. J., Ex. 3.)
6      Defendant sent several communications to Plaintiff, beginning with a Notice of
7 Intent to Lien on June 17, 2010, which listed the total amount due as $435.  (Pl.'s Mot.
8 Summ. J., Ex. 4 at 25.)  Defendant next sent a Notice of Delinquent Assessment (Lien) on
9 July 6, 2010, which listed a balance of $875.  (Id. at 26.)  Defendant sent a Pre-Notice of
10 Default on August 11, 2010, which listed a balance of $1,015.  (Id. at 29.)  Defendant then
11 sent a Notice of Default and Election to Sell Under Homeowners Association Lien on
12 August 26, 2010.  (Id., Ex. 1 at 4.)  Defendant recorded a Notice of Default and Election to
13 Sell on October 7, 2010.  (Id., Ex. 4 at 35.)  Defendant sent to Plaintiff a Pre-Notice of
14 Trustee's Sale on February 8, 2011, which listed a balance of $2,120.  (Id. at 36.)
15      On April 29, 2011, Defendant sent Plaintiff a breakdown of fees, interest, and
16 costs Plaintiff owed to the Association for a total of $2,120.  (Id. at 11.)  The breakdown
17 showed $435 for unpaid assessments, $1,050 for attorney's fees, $200 for "Notary,
18 Recording, Copies, Mailings, and PACER," along with other charges.  (Id.)  The notice
19 advised Plaintiff to pay Defendant the listed amount and the lien would be released from the
20 property.  (Id. at 12.)
21      Prior to the Trustee Sale, Plaintiff went to Defendant's office where he received a
22 similar breakdown listing the amount due as $3,785.  (Def.'s Mot. Summ. J., Ex. 7, Aff. of
23 Thomas Bayard at ¶ 8.)  The increase was due to additional attorney's fees, additional
24 "Notary, Recording, Copies, Mailings, and PACER" costs, an increase in the amount owed
25 to the Association, and other charges.  (Id., Ex. 7.)  Plaintiff disputed the amount owed, and
26 Defendant agreed to reduce the amount to $3,020, which Plaintiff paid.  (Id., Aff. of

2

Thomas Bayard at ¶ 8.)  Defendant thereafter canceled the Trustee Sale and recorded a release of lien on the property.  (Id.)

Plaintiff brought suit in this Court on September 16, 2011, alleging Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by mailing to Plaintiff a demand that Plaintiff pay costs above and beyond the principal debt which are not authorized by the CC&Rs or by law.  (Compl. (Doc. #1) at 3-4.)  Plaintiff also alleges Defendant violated the FDCPA by falsely representing the amount owed.  (Id. at 4-5.)  Additionally, the Complaint asserts a claim for violating the Nevada Deceptive Trade Practices Act ("NDTPA") because Defendant acts as a collection agency without a license.  (Id. at 5-6.)

Plaintiff now moves for summary judgment, asserting the FDCPA governs Defendant's collections activity because the collection of past-due assessments is the collection of a consumer debt under the FDCPA.  Plaintiff contends Defendant's communications are covered by the FDCPA because Defendant was not engaged in the collection of a secured interest when it sent certain notices to Plaintiff that were outside the nonjudicial foreclosure process.  Plaintiff argues Defendant violated the FDCPA by attempting to collect fees and costs which were not authorized by any agreement between Plaintiff and the Association or permitted by law because Defendant attempted to charge unreasonable attorney's fees and costs.  Plaintiff argues Defendant violated the FDCPA by falsely representing the amount due on this same basis.  Plaintiff asserts the fact that the amount due increased so much in such a short time between each letter, with no evidence that such costs were reasonable, establishes Defendant violated the FDCPA.

Defendant responds by arguing Plaintiff has not met his initial burden on summary judgment to establish the fees charged were not reasonable, and therefore the Court should deny Plaintiff's Motion.  Additionally, Defendant cross-moves for summary judgment, arguing the fees are reasonable as consistent with a fee schedule set forth in the Adopted Regulation of the Commission for Common-Interest Communities and

Condominium Hotels. Defendant also moves for summary judgment on the issue of whether the FDCPA applies to Defendant. Defendant argues that because Defendant was engaged in the lien enforcement process, only a more limited provision of the FDCPA applies to its conduct, and Plaintiff has not established Defendant violated any provision of that section. Defendant argues the breakdowns and other notices were part of the lien enforcement process and give the homeowner information about how much he owes and what he must pay to avoid foreclosure. Defendant also moves for summary judgment on Plaintiff's NDTPA claim, arguing a law firm acting in the usual course of its practice is exempt from the licensing requirement. Plaintiff responds that Defendant is acting as a collection agency, and thus the exception to the licensing requirement does not apply.

**II. DISCUSSION**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). The moving party may discharge its burden by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000); see also Fairbank v. Wunderman Cato Johnson, 212 F.3d

4

528, 531 (9th Cir. 2000). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Leisek, 278 F.3d at 898. The Court views all evidence in the light most favorable the non-moving party. Id.

**A. FDCPA**

Count one of the Complaint alleges Defendant violated the FDCPA, 15 U.S.C. § 1692f, by mailing to Plaintiff a demand that Plaintiff pay costs above and beyond the principal debt which are not authorized by the CC&Rs or by law. (Compl. at 3-4.) Count two alleges Defendant violated the FDCPA, 15 U.S.C. § 1692e(2), by falsely representing the amount owed. (Id. at 4-5.) Plaintiff moves for summary judgment on these two claims, arguing the CC&Rs and the law allow Defendant to charge only reasonable attorney's fees and to charge some items for only their actual cost without any markup. Plaintiff contends the fees Defendant charged for collection costs were unreasonable because the costs doubled and then quadrupled within a short period of time without any proof the fees were reasonable or the costs were charged without markup. Defendant responds that Plaintiff has failed to present evidence the charges were unreasonable, and the Court therefore should deny Plaintiff's Motion. Defendant also countermoves for summary judgment, arguing it charged fees in line with those set forth by the Commission for Common-Interest Communities and Condominium Hotels, and therefore its charges were reasonable.

The FDCPA prohibits debt collectors from collecting a debt, including incidental fees, interest, and other charges, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). It also prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt." Id. § 1692e(2)(A).

Here, the CC&Rs permit the Association to collect assessments as well as "interest, costs, and reasonable attorneys' fees for the collection thereof." (Pl.'s Mot.

5

Summ. J., Ex. 2 at 26.)  Additionally, Nevada Administrative Code § 116.470 sets forth limits on the amount an association or person acting on the association's behalf may charge a delinquent homeowner.  For example, an association may not charge more than $150 for a demand or intent to lien letter or more than $325 for a notice of delinquent lien assessment. Nev. Admin. Code § 116.470(2)(a)-(e).  An association also may recover "[r]easonable attorney's fees and actual costs, without any increase or markup, incurred by the association for any legal services which do not include an activity described in" the schedule of fees. Id. § 116.470(4)(b).  Additionally, an association may charge for certain related collection costs, such as publishing, recording, and mailing, but the association may recover only "the actual costs incurred without any increase or markup." Id. § 116.470(3).  Thus, both the agreement creating the debt and the law allow Defendant, acting on the Association's behalf, to collect attorney's fees and costs, so long as the fees are reasonable and the costs are actual costs without any markup.  Likewise, in the context of this case, Defendant falsely represented its fees and costs only if its fees were not reasonable and its costs were not actual costs without markup.

      Viewing the facts in the light most favorable to Defendant on Plaintiff's Motion for Summary Judgment, Plaintiff has failed to meet his initial burden of establishing that any fees were unreasonable.  Plaintiff's only argument is that the fees grew exponentially in amount in a short period of time.  However, Plaintiff presents no evidence in support of his Motion that any particular charge was unwarranted, unreasonable, or did not reflect the actual cost.  The mere fact that the fees and costs rose quickly does not raise an issue of fact that they were unreasonable or do not reflect actual costs.  In response to Defendant's Motion for Summary Judgment on this same issue, Plaintiff presents no additional evidence that any particular charge was unreasonable or that any particular cost does not reflect the actual cost incurred without any markup.  Plaintiff therefore has failed to present evidence

showing it will be able to meet its burden of proof at trial.[1]  Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment, and will grant Defendant's Motion for Summary Judgment on the FDCPA claims in counts one and two of the Complaint.

### B. NDTPA

Under the NDTPA, a person engages in a deceptive trade practice if he knowingly "[c]onducts the business or occupation without all required state, county or city licenses." Nev. Rev. Stat. § 598.0923(1).  Nevada requires a person operating a collection agency or who is engaged in collecting claims on another's behalf to obtain a license from the Commissioner of Financial Institutions.  Id. §§ 649.075(1), 649.026.  A "collection agency" is defined as:

> all persons engaging, directly or indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another.

Id. § 649.020(1).  Nevada excludes from the definition of a "collection agency" Nevada licensed attorneys "so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of the practice of their profession."  Id. § 649.020(2)(g).  However, this exception does not apply if the attorneys "are conducting collection agencies."  Id. § 649.020(2).

The Nevada Supreme Court has not interpreted § 649.020's application to attorneys.  The Court therefore must predict how Nevada's highest court would resolve the issue.  Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007).  The Financial Institutions Division, which is charged with licensing collection agencies, has interpreted this statute to mean that a person who operates a collection agency who happens

---

[1] The Court therefore need not reach the issue of whether §§ 1692e(2) and 1692f apply to Defendant because even if they do, Plaintiff has failed to present evidence raising a genuine issue of material fact that Defendant violated those sections.

to be an attorney is not exempt from the licensing requirement.  Advisory Op. Regarding Attorneys Acting as Collection Agencies at 2 (Fin. Inst. Div. Mar. 22, 2012), available at http://fid.state.nv.us/AdvisoryOpinion/2012/2012-03-22_OPINION_AttorneyActingAsCollectionAgency.pdf (last visited Sept. 9, 2013).  However, "attorneys licensed by the State Bar of Nevada are not required to be licensed as a collection agency even though in the course of their practice they may negotiate settlement of claims, pursue payment and receive judgments."  Id. at 1.  The Financial Institutions Division noted that in 2007, the Nevada Legislature amended § 649.020(2)(g) to remove language which exempted attorneys only if the collection activity was "incidental to the usual course of the practice of their profession."  Id. at 2.  The Financial Institutions Division concluded from the deletion of this language and attendant legislative history that "attorneys whose primary practice is the collection of claims are exempt from the requirements of NRS Chapter 649," because "where legal services were provided, the State Bar Association was the appropriate regulatory body to oversee the attorney's conduct."  Id.  However, attorneys are exempt only if they are "soliciting or receiving payment of a claim for a retained legal client" and if the activity is in the "usual course of the practice of their profession."  Id.

        The Financial Institutions Division's interpretation is consistent with the legislative history, which shows the statute previously exempted attorneys from the licensing requirement only if the collections activity was "incidental to the usual course of the practice of their profession."  Nev. Rev. Stat. § 649.020(2)(g) (2006).  However, the Nevada Legislature deleted this language from the statute in 2007.  Nev. Laws 2007, c. 3, § 1.  As stated at a hearing before the Nevada Senate Committee on Commerce and Labor, the legislative purpose of deleting the "incidental" language was to make clear that attorneys engaged in collections would be governed by the State Bar, and not by the Financial Institutions Division, even if the attorneys' collections activities were more than incidental to their law practice.  Mins. of Sen. Comm. on Commerce & Labor, 2007 Leg.

74th Session 2 (March 13, 2007), available at https://leg.state.nv.us/Session/74th2007/ Minutes/Senate/CL/Final/544.pdf (last visited Sept. 10, 2013).  Consequently, attorneys hired by a client to perform legal work that involves collections are not required to be licensed by the Financial Institutions Division, so long as the work is performed for a retained legal client in the usual course of the attorneys' practice and profession.

Here, no genuine issue of material fact remains that the Association hired Defendant to perform legal work on the Association's behalf in the context of an attorney-client relationship in the usual course of Defendant's legal practice.  (Def.'s Mot. Summ. J., Aff. of Thomas Bayard at ¶ 5, Aff. of Sue Naumann at ¶ 4.)  Accordingly, Defendant was not required to obtain a license from the Financial Institutions Division, and thus no genuine issue of material fact remains that Defendant did not violate the NDTPA.  The Court therefore will grant summary judgment in Defendant's favor on Plaintiff's NDTPA claim.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Alwin Carpenter's Motion for Partial Summary Judgment (Doc. #53) is hereby DENIED.

IT IS FURTHER ORDERED that Defendant Alessi & Koenig's Motion for Summary Judgment (Doc. #54) is hereby GRANTED.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendant Alessi & Koenig, LLC and against Plaintiff Alwin Carpenter.

DATED: September 15, 2013

_____
PHILIP M. PRO
United States District Judge